IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAITH ENTERPRISES GROUP, INC., on Behalf of Itself and All Others Similarly Situated,<br><br>　　　　Plaintiff<br><br>v.<br><br>AVIS BUDGET GROUP, INC., et al<br><br>　　　　Defendants | CIVIL ACTION NO.<br><br>1:11cv3166-TWT |

## S C H E D U L I N G   O R D E R

The above entitled action is presently before the Court pursuant to the filing of the parties' Joint Preliminary Report and Discovery Schedule [27]. The Court has reviewed and approves the parties Joint preliminary Report and Discovery Schedule. In the report, the parties have indicated the need for additional time beyond the assigned discovery track to complete discovery. Should there be a further extension of time of the discovery deadline the deadlines for motions for summary judgment and filing of the Consolidated Pretrial Order shall be adjusted accordingly. Accordingly,

IT IS HEREBY ORDERED that the request for discovery extension deadline in this case is **GRANTED** as further detailed in the schedule set out in the Preliminary Report and Discovery Plan and incorporated herein.

The completing of discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

1. Should the Court deny Defendants' motion to dismiss, Defendants shall have 30 days from the date of the denial to file an answer to the complaint.

2. Amended pleadings may be filed, and additional parties may be joined, without leave of Court or the opposing parties' consent within 4 months of the date upon which Defendants' answer is filed. After that time, amended pleadings may not be filed and additional parties may not be joined except with the opposing parties' consent or leave of the Court.

3. All fact discovery will be completed within 10 months of the date upon which Defendants' answer is filed. Discovery will be needed on class issues and merits issues, including both liability and damages. Discovery on these issues will run concurrently.

4. Plaintiffs shall concurrently file their motion for class certification and expert class report no later than 45 days after the end of fact discovery and make their expert(s) available for deposition within 10 days of filing the motion.

5. Defendants shall file their response to the motion and expert report no later than 45 days after the filing of Plaintiffs' motion and make their expert(s) available for deposition within 10 days of filing the motion.

6. Plaintiffs shall file any rebuttal report and reply brief no later than 30 days after Defendants' response.

7. Upon completion of class certification briefing, the parties shall hold an additional status conference with the Court to set scheduling dates for a class certification hearing, the submission of expert merits reports, expert merits discovery and dispositive motion briefing, final pretrial conference and a trial.

IT IS FURTHER ORDERED that the parties are directed to adhere to the above deadlines.  Any motions requesting extensions of time must be made prior to the existing deadline and will be granted only in exceptional cases where the circumstances on which the request is based did not exist or the attorney(s) could not have anticipated that such circumstances would arise at the time the Preliminary Planning Report was filed.  Failure to comply with this order, may result in the imposition of sanctions, including the dismissal of this action.

Within 10 days from the entry of this Order, counsel for the parties are directed to confer and determine whether any party will likely be requested to disclose or produce substantial information from electronic or computer based media.  If so, the parties are directed to determine: (a) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business; (b) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business; (c) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production; (d) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise; and (e) whether there are other problems which the parties anticipate that may arise

in connection with electronic or computer-based discovery.  Counsel are directed to the American Bar Association Section of Litigation Civil Discovery Standards § 29 (August 1999)(available upon request from the Court) for guidance.  Any agreements as to the foregoing shall be set forth in a written agreement or consent order.  If there are substantial disagreements, a discovery conference with the Court should be requested.  Counsel are directed to comply with the Federal Bar Association's Standards for Civility in Professional Conduct (1998) (available from the FBA web site or upon request from the Court).

    SO ORDERED, this 20th day of December, 2011.

                                /s/Thomas W. Thrash
                                THOMAS W. THRASH, JR.
                                UNITED STATES DISTRICT JUDGE